IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JERRY H. MCCROSKEY                                                                                        PLAINTIFF
ADC #72796

V.                                          NO: 5:15CV00229 BRW/PSH

WENDY KELLEY *et al*                                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to United States District Judge Billy Roy Wilson.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must:  (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

#### Relevant Facts/Procedural History

Plaintiff Jerry H. McCroskey, an Arkansas Department of Correction ("ADC") inmate, filed a complaint on July 13, 2015, alleging prison officials were making improper determinations concerning the sincerity of inmates' religious beliefs in an effort to deny them their right to wear a beard as their religion requires. Defendants are Wendy Kelley, James Gibson, Marvin Evans, Chuck

1

Gladden, Dale Reed, John Wheeler, Jim DePriest, and Joshua Mayfield.[1]

McCroskey asserts that Gladden, a chaplain, and grooming committee members Reed, Wheeler, DePriest, and Mayfield, used ADC policy to deny him the right to grow a beard and wear his hair in accordance with his religious beliefs in violation of his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a)(1)-(2), despite the United States Supreme Court's decision in *Holt v. Hobbs*, 135 S.Ct. 853 (2015). According to McCroskey, the grooming committee misuses ADC policy to question the sincerity of an inmate's religious beliefs, and Gladden's decision on whether to allow an inmate a religious grooming accommodation is based on "gut feelings." (Doc. No. 2, at1). McCroskey asserts Gibson and Evans denied him relief in the grievance process, and that Wendy Kelley is causing him "mental anguish." (Doc. No. 15, at 5).

On December 30, 2015, defendants filed a motion for summary judgment, a brief in support, and a statement of facts, asserting McCroskey failed to exhaust his available administrative remedies with respect to his claims against Kelley, Gibson, Evans, or Gladden (Doc. Nos. 34-36). McCroskey filed a response in opposition on January 14, 2016 (Doc. No. 38). Defendants filed another motion for summary judgment, brief in support, and a statement of facts, on February 3, 2016, asserting McCroskey's claims are moot, and they are entitled to immunity (Doc. Nos. 45-47). McCroskey filed a response on February 17, 2016 (Doc. No. 49). Defendants filed a reply on February 24, 2016 (Doc. No. 50). McCroskey filed a reply on March 9, 2016, and a second response on March 14, 2016 (Doc. Nos. 51 & 52).

---

[1] McCroskey's claims against the ADC have been previously dismissed. Reed, Wheeler, DePriest, and Mayfield, were originally named as Does.

**Standard of review**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

**Analysis**

Exhaustion

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. The PLRA's exhaustion requirement applies to all

inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 922-923. It merely requires compliance with prison grievance procedures to properly exhaust. *See id*. at 922-23. Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*. at 923-924.

The applicable ADC grievance policy requires three steps to fully exhaust a grievance. First, an inmate completes an informal resolution form, which explains the issue. If he is not satisfied, he may file a formal grievance, using the same form, which is then decided by the warden or the warden's designee. Finally, if the inmate believes the problem is not resolved, he may appeal to the director, assistant, or deputy director, whose decision marks the final stage of the process (Doc. No. 34-1, pages 5-13).

In support of their claim that McCroskey failed to exhaust his administrative remedies, defendants have offered the declaration of Barbara Williams, the ADC's Inmate Grievance Supervisor (Doc. No. 34-3). According to Williams, McCroskey exhausted only one grievance relating to the issues in this complaint: DR-15-00265. That grievance and appeal documents are attached to McCroskey's complaint. Defendants contend they are entitled to summary judgment because McCroskey failed to identify any defendant in the grievance, despite ADC policy requiring the grievance to specify, among other things, the personnel involved. (Doc. No. 34-1, pages 5-6). Although McCroskey did not name any defendant, he did fully exhaust the issue of his complaints

regarding the application of the ADC grooming policy, and the grievance was fully considered and decided on the merits. The United States Court of Appeals for the Eighth Circuit has determined that failure to name specific defendants can be a procedural deficiency, and prison officials' acceptance and resolution of a procedurally deficient grievance serves to establish proper exhaustion. *See Bower v. Kelley*, 494 Fed.Appx. 718 (8th Cir. 2012) (unpublished per curiam). Under the circumstances here, defendants have failed to meet their burden to demonstrate that McCroskey failed to properly exhaust his administrative remedies. *See also Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012)(PLRA's exhaustion requirements are satisfied if grievance is considered on the merits, even if it could have been denied for procedural deficiencies). We now consider McCroskey's claims for injunctive and monetary relief.

Injunctive Relief

McCroskey complains of the defendants' enforcement of ADC policy regarding beards and hair, asking the Court to enjoin the defendants from misapplying the policy. The policy of which McCroskey complains, however, was superseded by new policy on January 14, 2016 (Doc. No. 50-1). The new policy allows McCroskey to wear a beard. As a result, his request for injunctive relief is denied as moot.

Monetary Relief

Money damages are not available against the defendants. If sued in their official capacity, such a suit is in essence a suit against the state itself, and is therefore barred by Eleventh Amendment to the United States Constitution. *Will v. Michigan Department of State Police, et al.*, 491 U.S. 58, 71 (1989)*, Nix v. Norman*, 879 F.2d 429, 431-432 (8th Cir. 1989). If sued in their individual capacity, RLUIPA does not authorize money damages against the defendants. *Van Wyhe*

*v. Reisch,* 536 F.Supp.2d 1110, 1118 (D.S.D. 2008).

In summary, while McCroskey adequately exhausted his claims, the claims are without merit. The injunctive relief he seeks is moot, and monetary damages cannot be awarded under these circumstances.

**Conclusion**

IT IS THEREFORE RECOMMENDED THAT:

1. The motion for summary judgment on exhaustion filed by defendants Marvin Evans, James Gibson, Chuck Gladden, and Wendy Kelley (Doc. No. 34) be DENIED.

2. Defendants' motion for summary judgment on the merits (Doc. No. 45) be GRANTED, and plaintiff Jerry H. McCroskey's complaint be DISMISSED WITH PREJUDICE.

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 19th day of May, 2016.

_____
UNITED STATES MAGISTRATE JUDGE